# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GIRL SCOUTS OF MIDDLE TENNESSEE, INC., | )<br>)<br>) No. 3:12-cv-00575 |
| Plaintiff, | ) Judge Nixon<br>) Magistrate Judge Knowles |
| v. | )<br>) |
| GIRL SCOUTS OF THE UNITED STATES OF AMERICA, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Pending before the Court is a motion to strike ("Motion to Strike") (Doc. No. 27) filed by Plaintiff Girl Scouts of Middle Tennessee, Inc. ("GSMT"), requesting the Court strike a Reply brief (Doc. No. 26) filed by Defendant Girl Scouts of the United States of America, Inc. ("GSUSA") in support of Defendant's Motion to Dismiss (Doc. No. 16). Defendant filed a Response in Opposition to the Motion to Strike (Doc. No. 29), to which Plaintiff filed a Reply (Doc. No. 30). For the reasons below, Plaintiff's Motion to Strike is **DENIED** and Plaintiff is granted leave to file an optional sur-reply in opposition to Defendant's Motion to Dismiss within fourteen days of the entry of this Order.

## I. BACKGROUND

This case involves a dispute over the terms of a defined benefit pension plan, created for the employees of GSMT and administered by GSUSA. (Doc. No. 1 ¶¶ 1, 5.) GSMT has alleged that due to GSUSA's "breach of its contractual and fiduciary duties as agent to GSMT," the

1

Case 3:12-cv-00575   Document 43   Filed 04/19/13   Page 1 of 4 PageID #: 856

defined benefit plan is now at risk of insolvency. (*Id.* ¶ 5.) As a result, GSMT petitioned the Court for various declaratory and injunctive relief. (*See id.* ¶¶ 25–33.)

Defendant subsequently filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue or to Stay Proceedings ("Motion to Dismiss") (Doc. No. 16), along with a Memorandum in Support (Doc. No. 17). Plaintiff filed a Response to Defendant's Motion to Dismiss ("Response") (Doc. No. 24), to which Defendant filed a Reply ("Reply") (Doc. No. 26). Plaintiff then filed the instant Motion to Strike (Doc. No. 27), along with a supporting memorandum (Doc. No. 28), arguing that Defendant's Reply was improper and should not be considered by the Court.

## II. ANALYSIS

Plaintiff offers two reasons why the Reply should be stricken. First, Plaintiff argues that Defendant failed to seek or obtain leave of this Court to file the Reply. (Doc. No. 27 at 1.) Second, Plaintiff argues that Defendant improperly raises new arguments in the Reply in support of its Motion to Dismiss. (*Id.*) Additionally, Plaintiff argues that if the Court declines to strike the Reply, the Court should allow further briefing, though the Plaintiff adds that doing so would unfairly protract and increase the cost of this litigation. (Doc. No. 28 at 3–4.)

Defendant responds that it was not required to seek leave to file its Reply because the initial case management order established deadlines for filing a reply brief. (Doc. No. 29 at 1.) Second, Defendant argues that the new arguments in its Reply are not improper because they directly address the arguments made by Plaintiff in its Response. (*Id.* at 3–5). The Court agrees with Defendant on both points.

Generally, a reviewing court will not consider arguments that are raised for the first time in a reply brief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). However,

"the purpose of a reply brief is to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant is entitled to the requested relief." *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008). Thus, courts necessarily may consider new arguments in a movant's reply where those arguments address issues raised for the first time in the nonmovant's response. *See Eagle Servs. Corp. v. H20 Indus. Servs, Inc.*, No. 2:02CV36PRC, 2005 WL 1429279, at *8 (N.D. Ind. June 8, 2005).

Upon review of the underlying briefing, as well as the briefing on the instant Motion to Strike, it is evident to the Court that there is nothing improper about Defendant's Reply. First, it was reasonable for Defendant to interpret the initial case management order as permitting it to file a reply brief without first seeking leave of the Court. The language of the case management order expressly described any reply as "optional" and set a date by which it should be filed. (*See* Doc. No. 11 ¶ 10.) This Court is reluctant to apply the Local Rules in such a way as to strike an otherwise properly filed brief.

Second, the Court is persuaded that the "new" arguments in Defendant's Reply are proper and necessary in light of the arguments in Plaintiff's Response. The Court's understanding of the progression of this matter is very briefly summarized as follows. Defendant interpreted the claims in Plaintiff's Complaint as being brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), an interpretation that—based on the Court's limited review of the Complaint—appears reasonable. Plaintiff's Complaint begins by expressly stating that the Plan at issue is governed under ERISA (Doc. No. 1 ¶ 1), and proceeds to reference ERISA throughout (*see id.* ¶¶ 5, 8–9, 11–12,19–20, 22–23, 26, 30). Thus, it is no surprise that

3

Defendant's Motion to Dismiss and supporting memorandum largely consist of attacks on Plaintiff's standing to bring suit under ERISA. (*See* Doc. No. 17 at 7–10.)

Plaintiff, in its Response, essentially argues that its claims are not in fact brought under ERISA, but rather that they are premised on the federal common law of contracts. (*See* Doc. No. 24 at 10–14, 16–17.) Accordingly, Defendant's Reply shifts its focus and asserts that, even if brought under federal common law, Plaintiff's claims should nevertheless be dismissed. (*See* Doc. No. 26 at 3–9.) In the Court's view, the arguments in Defendant's Reply are not only proper but entirely necessary in light of the apparent re-characterization of Plaintiff's theory of the case. The arguments raised in the Reply are "new" only to the extent that they address the new arguments asserted in Plaintiff's Response. Accordingly, the Court declines to strike the Reply.

### III. CONCLUSION

In the interests of justice, Plaintiff should be given an opportunity to file a sur-reply to Defendant's Reply. The Court prefers that this matter be fully briefed before ruling on the pending Motion to Dismiss, so that all relevant legal arguments may be sufficiently developed and properly considered. If Plaintiff wishes to file a sur-reply, it may do so within fourteen days of the entry of this Order, after which time a ruling on the pending Motion to Dismiss will be forthcoming. Accordingly, the Motion to Strike (Doc. No. 27) is **DENIED** and the Court **ORDERS** that Plaintiff shall file a sur-reply, if any, on or before **Friday, May 3, 2013**.

It is so ORDERED.

Entered this the 19th day of April, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4